IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES McCORVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 08-0151-WS-C |
| ) | |
| EARL SMITH, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This closed matter comes before the Court on plaintiff Charles McCorvey's Motion to Alter, Amend, or Vacate Judgment (doc. 45).

**I.     Background.**

Plaintiff, Charles McCorvey, brought this § 1983 action against defendant, Officer Earl Smith of the City of Mobile Police Department, alleging that Officer Smith had violated his Fourth Amendment rights by detaining and arresting him on March 24, 2006. In an Order (doc. 43) entered on June 30, 2009, the undersigned granted Officer Smith's motion for summary judgment and dismissed this action with prejudice. In particular, the Court concluded that the record taken in the light most favorable to McCorvey established that no constitutional violation had occurred, inasmuch as (1) reasonable suspicion existed for Officer Smith to conduct an investigatory stop of McCorvey as he sat for some time in a parked car outside a stranger's house in the late evening hours; and (2) that detention did not mature into a *de facto* arrest without probable cause. Because the record in the light most favorable to McCorvey reflected that Officer Smith did not violate plaintiff's constitutional rights, the June 30 Order found that Officer Smith was entitled to qualified immunity on the § 1983 false arrest cause of action, which was plaintiff's sole remaining claim.

On July 10, 2009, McCorvey, by and through counsel, filed a 13-page motion styled "Motion to Alter, Amend, or Vacate Judgment." In that Motion, McCorvey reiterates portions of his summary judgment filings which this Court previously considered, such as a block quote of

four pages of facts cut and pasted directly from plaintiff's summary judgment brief. McCorvey also quarrels with various aspects of the June 30 ruling and insists that it misapplied the familiar Rule 56 standard. Specifically, McCorvey maintains that the Court "improperly interject[ed] a great deal of hearsay and speculation" and "substitut[ed] its own opinion on a question of fact ... for the evidence as submitted." (Doc. 45, at 6, 10.) On these grounds, plaintiff requests that the June 30 Order and accompanying Judgment be vacated, and that this action be restored to the trial docket.

**II.   Analysis.**

    *A.   Reconsideration Under Rule 59 is Not Appropriate Here.*

Although the Motion makes a passing reference to Rule 59, Fed.R.Civ.P., plaintiff fails to recite the applicable legal standard for reconsideration under Rule 59, much less to explain why he contends the circumstances presented here satisfy that standard. This omission is as regrettable as it is commonplace. All too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion automatically confers upon them license to move for reconsideration as a matter of course, and to utilize that motion as a platform to criticize the judge's reasoning, to reargue issues decided unfavorably to them, to present new facts and arguments that could have been made before but were not, and otherwise to attempt a "do-over" to erase a disappointing outcome. Such knee-jerk submission of a Rule 59 motion, without regard to the narrow circumstances in which such relief is available, is inconsistent with the Federal Rules of Civil Procedure. More to the point, it is an abusive practice that wastes considerable judicial and litigant resources. McCorvey's Motion falls squarely within this category.

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp.2d 1185, 1189 (S.D. Ala. 2005); *see also United States v. Bailey*, 288 F. Supp.2d 1261, 1267 (M.D. Fla. 2003); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse

ruling").[1]  A motion to reconsider is not a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, --- U.S. ----, 128 S.Ct. 2605, 2617 n.5, 171 L.Ed.2d 570 (2008) (citation omitted).[2] The Eleventh Circuit has stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp.2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced new arguments). Rather, the law of this Circuit is unambiguous that "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (similar).

McCorvey's Motion does not come close to meeting these stringent standards for relief under Rule 59; indeed, the Motion fails even to acknowledge such standards. Plaintiff offers no newly-discovered evidence. And rather than invoking manifest errors of law or fact, McCorvey presents a parade of arguments that could and should have been made in his underlying summary judgment brief, but were not. For instance, plaintiff submits new arguments and case authorities on the subject of whether Officer Smith did or did not have reasonable suspicion to detain him. But he did not make those available arguments in his summary judgment brief, instead choosing

---

[1] The pragmatic policy considerations underlying these principles are that "if every question once considered and decided remained open for reexamination in subsequent proceedings in that same case, [a district] court could not efficiently or satisfactorily perform its duties." *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir. 1985). Imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request. It is thus improper to utilize a motion to reconsider to ask a district court to rethink a decision once made, merely because a litigant disagrees.

[2] *See also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (motions for reconsideration "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment") (citation omitted); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (same); *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (similar); *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of motion to reconsider to afford a litigant "two bites at the apple").

to frame his arguments at that time in terms of lack of probable cause for an arrest. It's simply too late for him now to develop a reasonable suspicion argument for the first time. "A party cannot readily complain about the entry of a summary judgment order that did not consider an argument they chose not to develop for the district court at the time of the summary judgment motions." *Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (citation and internal quotation marks omitted). Indeed, the Eleventh Circuit has made clear that Rule 59 motions "should not be used to raise arguments which could, and should, have been made before the judgment was issued," and that denial of such a motion "is especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation." *Id.* (citation omitted); *see also Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (similar). McCorvey has failed to identify any reason why he did not present his reasonable suspicion arguments and case authorities during the summary judgment briefing process, when he had a full and fair opportunity to do so; therefore, he cannot be heard to air those arguments now under the mantle of a Rule 59 proceeding.

Nor does McCorvey further his cause under Rule 59 by reproducing verbatim more than two pages of argument from his summary judgment brief on the subject of qualified immunity. (*Compare* doc. 45, at 11-13 *with* doc. 41, at 8-10.) Motions to reconsider are not properly used to repeat arguments that were previously considered and rejected. *See, e.g., Gipson v. Mattox*, 511 F. Supp.2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order."); *Gougler*, 370 F. Supp.2d at 1189 n.1 ("motions to reconsider are not a platform to relitigate arguments previously considered and rejected").

Simply put, plaintiff has identified no basis for placing this case within the narrowly circumscribed scope of Rule 59. By all appearances, McCorvey filed his Motion to Vacate because he did not like the result of the June 30 Order, and he thought of some new arguments he wanted to make. That is not sufficient under Rule 59.

### B. Plaintiff's Assignments of Error are Meritless, in any Event.

Alternatively, even if McCorvey's Rule 59 Motion were procedurally proper and due to be considered on the merits, the result would be unchanged.

The premise of McCorvey's Motion is that this Court misapplied the applicable summary

judgment standard by considering and relying on uncontroverted record evidence presented by defendant. The Motion is peppered with statements implying that plaintiff's evidence represented the entire universe of evidence that could be considered on summary judgment, and that defendant's evidence (even on points as to which there is no conflict in the record) must never be credited for Rule 56 purposes.[3]  Plaintiff is wrong.

Contrary to McCorvey's position, it is black-letter law that summary judgment motions must be evaluated by reference to the record as a whole. *See, e.g., TheraTx, Inc. v. Duncan*, 234 F.3d 1240, 1245 (11th Cir. 2000) ("There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.") (citation and internal quotation marks omitted); *Faust v. Pemco Aeroplex, Inc.*, 2007 WL 763985, *1 (11th Cir. Mar. 15, 2007) ("In the context of summary judgment, we must look at the record as a whole, reviewing all of the evidence in the record."). To be sure, conflicts in the facts must be resolved in the light most favorable to the nonmovant. *See, e.g., Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306 (11th Cir. 2007) ("To the extent that evidence conflicts at summary judgment, the district court has an obligation to view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.") (citations and internal quotation marks omitted). But a court is under no compulsion to ignore a movant's unrebutted, uncontroverted factual submission. To the contrary, where, as here, the movant satisfies its initial evidentiary burden of showing that there are no genuine issues of material fact to be decided at trial, the burden shifts to the nonmovant to demonstrate that such genuine issues of fact exist. *See, e.g., Cotton v. Cracker Barrel Old Country Store, Inc.*, 434 F.3d 1227, 1231 (11th Cir. 2006) ("To survive a motion for summary judgment, the nonmoving party must demonstrate that there is a genuine issue for trial.") (citation omitted); *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 841 (11th Cir. 1990) (explaining that "[w]hen a motion for summary judgment has been made properly, the burden of production shifts to the

---

[3] For example, plaintiff takes the Court to task for "admittedly us[ing] facts not presented by Plaintiff" and for relying on facts that "are clearly not Plaintiff's facts." (Doc. 45, at 6.) Plaintiff likewise decries the Court's use of facts "interjected form [*sic*] Defendant's/ movant's version of the facts. The use of these facts is clearly inappropriate for summary judgment." (*Id.* at 7.)

nonmoving party to ... designate specific facts showing that there is a genuine issue for trial") (citations and internal quotation marks omitted).  If the movant's facts go unrebutted and the plaintiff fails to show how reasonable inferences from those facts leave genuine issues for trial, then the plaintiff has not met his burden and summary judgment is properly entered against him.  To the extent that McCorvey would have this Court disregard or alter these firmly entrenched principles undergirding summary judgment analysis, his Motion to Vacate is baseless.

An example will illustrate the point.  McCorvey balks that the Court accepted Officer Smith's deposition testimony "that Plaintiff offered no explanation for his conduct and that he displayed an uncooperative attitude."  (Doc. 45, at 5.)  Officer Smith did, in fact, so testify. (Smith Dep., at 10, 12-13.)  Although McCorvey maintains it was "inappropriate" for the Court to credit this testimony of Officer Smith, he ignores the fact that there was no conflicting evidence in the summary judgment record.  There was no affidavit or deposition testimony from McCorvey averring that he was open and forthright with Officer Smith about his purpose for being at that location, or that he was fully compliant with all of Officer Smith's requests.  Instead, Officer Smith's testimony on these points went unrebutted and uncontested.  Plaintiff is not entitled to have Officer Smith's evidence on summary judgment disregarded merely because Officer Smith is the movant; rather, it was incumbent on McCorvey to come forward with facts (or inferences from facts) showing genuine disputes as to these aspects of Officer Smith's testimony.[4]  He failed to do so, and that omission forecloses the Court from reflexively tossing out defendant's uncontroverted evidence for summary judgment purposes.

Next, McCorvey objects to the Court's reliance on Officer Smith's testimony that the location where these events occurred was a high crime area and his awareness of the 9-1-1 call.  With respect to the "high crime area," McCorvey argues that this statement is hearsay and that defendant failed to offer proof to support it.  (Doc. 45, at 6.)  This objection is misguided.  The record reflects that Officer Smith routinely patrolled the residential area where these events took place.  It is certainly not hearsay for him to testify to his own personal knowledge of the

---

[4]  *See, e.g., Mize v. Jefferson County Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citation omitted) ("For factual issues to be considered genuine, they must have a real basis in the record."); *Aladdin Oil Co. v. Texaco, Inc.*, 603 F.2d 1107, 1117 (5th Cir. 1979) ("There must be a sufficient quantum of proof to carry an issue of material fact to the jury.").

incidence of criminal activity in that neighborhood. Again, McCorvey did nothing to rebut Officer Smith's testimony to create genuine issues of fact on this point.[5] And McCorvey is mistaken in characterizing the 9-1-1 call as inadmissible hearsay. It is not hearsay, because this evidence would be admitted not for the truth of the matter asserted (*i.e.*, that the stranger parked outside the caller's home late at night might intend to do her harm), but to show that Officer Smith was aware of the call as one of the attendant circumstances in deciding whether or not to perform an investigatory stop. The Court's consideration of this evidence on summary judgment does not warrant Rule 59 relief.

In several places in his Motion to Vacate, McCorvey takes unwarranted liberties with the summary judgment record or the summary judgment order. For instance, McCorvey states that "[t]he only question Plaintiff asserts that the Defendant asked was whether Plaintiff had any weapons." (Doc. 45, at 7.) But McCorvey did not testify that Officer Smith asked him nothing other than a single question about weapons. Likewise, plaintiff's statement that Officer Smith "had no articulable suspicion that anything was occurring except that Plaintiff's car broke down" (doc. 45, at 9) ignores the paucity of record evidence that McCorvey ever told Officer Smith – or that Officer Smith ever had reason to believe – at any time before or during the *Terry* stop that the reason why McCorvey was parked outside a neighbor's house in the middle of the night talking on a cell phone was that his car had broken down. Additionally, plaintiff mischaracterizes the record by stating that Officer Smith "only submitted his bare, self-serving assertion that he believed he had reasonable suspicion for the arrest." (Doc. 45, at 10.) Plaintiff does not advance his cause by invoking such misleading hyperbole. This is not a case where the officer offered a mere conclusory statement, "I believed I had reasonable suspicion," nor is it a case in which such a statement was blindly accepted by the Court. Defendant's argument and the Court's summary judgment ruling were quite properly predicated on the totality of the

---

[5] Nor does McCorvey's citation to *United States v. Powell*, 222 F.3d 913 (11th Cir. 2000), avail him as to the relevance of the "high crime area" evidence. In fact, *Powell* bolsters the Court's use of that evidence as one factor (taken together with all the other facts and circumstances) supporting a finding of reasonable suspicion for the *Terry* stop. *See Powell*, 222 F.3d at 917 (noting that "officers are not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant investigation") (citation omitted).

circumstances, rather than a cursory statement of the officer's beliefs.  Plaintiff's insinuation to the contrary is simply false.  Nor can McCorvey obtain Rule 59 relief by asserting that this Court improperly "substitut[ed] its own opinion" and weigh[ed] the evidence or its credibility" on summary judgment.  (Doc. 45, at 10.)  The June 30 Order did no such thing.  Plaintiff has not cited to (and cannot cite to) a single instance in which the June 30 Order credited defendant's evidence over conflicting evidence submitted by McCorvey.

       Finally, plaintiff's Motion to Vacate suffers from at least four additional errors of law that will be addressed briefly.  First, McCorvey allows that "the Court may make findings of fact" at the summary judgment stage.  (Doc. 45, at 8.)  He is mistaken.  *See, e.g., Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003) ("In ruling on a Rule 56 motion, the district court may not weigh the evidence or find facts.  Instead, the court's role is limited to deciding whether is sufficient evidence upon which a reasonable juror could find for the non-moving party.").  The June 30 Order did not purport to make findings of fact, and plaintiff's contention to the contrary is incorrect.  Second, McCorvey improperly attempts to isolate specific circumstances (*i.e.*, the high crime area, plaintiff's unresponsiveness) as being insufficient, in and of themselves, to give rise to reasonable suspicion.  The Eleventh Circuit has made clear that this kind of "divide-and-conquer" analysis of reasonable suspicion is reversible error.  *See, e.g., United States v. Bautista-Silva*, 567 F.3d 1266, 1272-73 (11th Cir. 2009) (finding that district court erred in reviewing sufficiency of each factor in isolation, when "[t]he correct approach examines the totality of the circumstances") (citation omitted).  The Court declines McCorvey's invitation to err similarly here.  Third, plaintiff incorrectly assumes that a Fourth Amendment seizure is necessarily tantamount to an arrest requiring probable cause.  Binding authority is to the contrary.  *See, e.g., United States v. Lopez-Garcia*, 565 F.3d 1306, 1313 (11th Cir. 2009) (observing that *Terry* stops also constitute seizures within the meaning of the Fourth Amendment).  Thus, to show that McCorvey was seized for Fourth Amendment purposes is not necessarily to mandate a showing of probable cause to justify the seizure, because a seizure requires only reasonable suspicion if (as here) it is a *Terry* stop.  Fourth, McCorvey argues that the presence or absence of arguable reasonable suspicion is a question of fact that this Court cannot decide.  (Doc. 45, at 10.)  Again, Circuit authority holds otherwise.  *See, e.g., Bautista-Silva*, 567 F.3d at 1271 ("Whether there was reasonable suspicion to justify the stop is a question of law ...."); *Evans v. Stephens*, 407

F.3d 1272, 1280 (11th Cir. 2005) (explaining that whether officer has reasonable suspicion is viewed from standpoint of reasonable officer on scene, based on totality of circumstances, "and is a question of law").

For the reasons stated above, then, even if the Rule 59 Motion were considered on the merits, plaintiff has made no showing that he is entitled to relief from the June 30 Order and Judgment.

### III. Conclusion.

For all of the foregoing reasons, plaintiff's Motion to Alter, Amend, or Vacate Judgment (doc. 45) is **denied**.

DONE and ORDERED this 15th day of July, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE