# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHARLES McCORVEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0151-WS-C |
| | ) |
| EARL SMITH, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This closed matter comes before the Court on plaintiff's *pro se* filing styled "Motion to Vacate the Order to Not Allow the Petitioner to Proceed and *[sic]* Forma Pauperis and Why the Respondent Summay *[sic]* Judgment Should Not Be Granted" (doc. 61).

Back on November 4, 2009, the undersigned entered an Order (doc. 59) denying plaintiff, Charles McCorvey, leave to proceed on appeal in this action without pre-payment of fees and costs. As grounds for this ruling, the Court certified that the appeal was not taken in good faith and that McCorvey had failed to show that he has a non-frivolous issue to present on appeal. The Clerk's Office mailed a copy of the November 4 Order to McCorvey at his address of record.

On January 8, 2010, more than two months later, McCorvey filed his Motion to Vacate the November 4 Order. In that Motion, he denies receiving notice of the November 4 Order, and purports to identify reasons why his appeal is not frivolous. This Motion fails.[1] The Eleventh Circuit Court of Appeals notified McCorvey in writing on December 29, 2009 that his appeal

---

[1] As an initial matter, any objection plaintiff may have to the November 4 Order should have been submitted long ago, and his protestation that he did not receive notice cannot be reconciled with the fact that notice of both the November 4 Order and the November 2 Report and Recommendation from which it originated were mailed to him at his address of record. Besides, McCorvey could and should have submitted the arguments animating his Motion to Vacate at the time of his initial motion for IFP status, inasmuch as it was incumbent on him to identify any non-frivolous ground for appeal at that time. His failure to do so then bars him from seeking reconsideration on that basis now. *See, e.g., Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (motions to reconsider "cannot be used to ... raise argument or present evidence that could have been raised prior to the entry of judgment").

would be dismissed by the clerk in 14 days unless he either (1) paid the $455 docket and filing fees, or (2) moved in the Eleventh Circuit for leave to proceed on appeal as a pauper. (Doc. 60, at 1.) By seeking reconsideration of the IFP ruling in this District Court, rather than moving in the Eleventh Circuit for IFP status on appeal, plaintiff is disregarding the clear instructions given him by the Eleventh Circuit Clerk. Any request for leave to proceed without payment of fees and costs on appeal should be directed to, and sent to, the Eleventh Circuit on its form motion. Given the tenuous status of his appeal, it is simply too late in the day for plaintiff to rekindle his long-extinguished IFP motion in this District Court, when dismissal of his appeal by the Eleventh Circuit is imminent and he has been given specific instructions for preventing same.[2]

For the foregoing reasons, the Motion to Vacate (doc. 61) is **denied**.

DONE and ORDERED this 12th day of January, 2010.

                                          s/ WILLIAM H. STEELE
                                          UNITED STATES DISTRICT JUDGE

---

[2] Even if the Court were to consider McCorvey's motion on the merits, he has still not identified non-frivolous grounds for appeal. Plaintiff states that he is "appealing the denial of the Summary Judgment." (Doc. 61, ¶ 4.) But summary judgment was granted, not denied. To confuse matters further, he insists that "there are some material facts that can be prove[n]," then focuses on claims pertaining to his arrest after defendant ordered "the removal of the Petitioner vehicle that was not blocking the roadway nor driveway." (*Id.*, ¶¶ 5-6.) But the claims relating to McCorvey's second seizure (*i.e.*, the arrest for failing to obey Officer Smith's lawful order to move his vehicle) were dismissed at the Rule 12(b) stage (not on summary judgment) because defendant was entitled to qualified immunity, even after accepting all well-pleaded factual allegations of the Complaint as true. Plaintiff has identified no colorable basis for contesting that qualified immunity determination. To the extent that he complains about the first seizure (*i.e.*, the initial stop and subsequent handcuffing and detention), which was addressed on summary judgment, McCorvey does not identify any non-frivolous basis for contesting the Court's determinations that, taking the facts in the light most favorable to plaintiff, the initial stop was at least arguably justified at its inception, and that the initial seizure never ripened into a *de facto* arrest without probable cause, such that defendant was entitled to qualified immunity on the remaining constitutional claims. In other words, McCorvey insists in his Motion to Vacate that he can prove "material facts"; however, the facts he cites were all accepted as true at the Rule 12(b)(6) stage, or were viewed in the light most favorable to him at the summary judgment stage, or were missing from the summary judgment record. Merely stating he can prove facts that the Court already construed in his favor (or that were not contained in the summary judgment record) does not constitute identification of a non-frivolous basis for appeal.